Smith, J,
One of the principal contentions of counsel for the plaintiff in error in this case is, that the court of common pleas erred in overruling the motion for a new trial, filed by the Bank, based on the ground that the verdict of the jury was against the weight of the evidence in this, viz.: that the issue as submitted to the jury was, whether a guaranty sued on, was based on the consideration that the bank being the owner of $3700 of the bonds of the Alpha Paper Company, exchanged them with Schaeffer for a like amount of the Friend & Forgy Paper Company bonds,and as a part consideration therefor, the Bank, and Anderson & Boynton, signed the written agreement sued on, which attempted to guaranty the fulfillment of the contract between the Alpha Company, and said Schaeffer, one of the terms of which was that the Alpha Company would pay to said Schaeffer the principal of these bonds of the Alpha Company at a certain date. These allegations were explicitly denied by the answer of the bank, or that there was any consideration to the bank for its execution of this contract of guaranty — and whether there was. such a consideration as the one alleged was one of the principal questions of fact submitted to the jury.
*458 In the original petition filed by]|the [plaintiff, it !|wae averred that about April 15, 1893, the bank had sold to Schaeffer $3700 of the bonds of the Friend & Forgy Company, and as a part of the transaction, and as an inducement to Schaeffer to purchase them,it agreed to re-purchase them from him at par at any time that he desired. That he after-wards frequently, before March 5, 1895, requested it to repurchase them from him and pay him the par value of $3700 and interest, as it had agreed to do, but it neglected and failed to re-purchase them. It further averred that on March 5, 1895, a written agreement was made between the Alpha Company and himself, whereby the Alpha Company was to deliver to plaintiff $3700 of their bonds in lieu of the $3700 of the Friend & Forgy bonds held by plaintiff, and to pay said $3700 Alpha bonds, December 15, 1895, and that thereupon, on that day (March 5, 1895), the bank, [in consideration of the surrender by plaintiff of his said bonds issued by the said Friend & Forgy Paper Company, and the release thereby of said bank from its agreement to purchase said bonds as aforesaid], and Anderson & Boynton, in consideration of the advantage to accrue to them and said Alpha Paper Company by the completion of said contract, and the receipt by plaintiff of the Alpha Company bonds, did execute the written guaranty sued1 on, and thereby agreed to guaranty the payment of said $3700 of the Alpha Company bonds on December 15, 1895.
At the trial of the case, after the introduction of the evidence in the case, the plaintiff applied to the court for leave to amend his petition by striking therefrom the allegation shown above between the brackets. This was allowed by the court, and as we understand, the effect of this was to make the claims of the plaintiff, in so far as any consideration for this guaranty on the part of the bank is concerned, to stand on the ground that the bank at the time of the exchange made by Schaeffer of his $3700 of Friend & Forgy *459 bonds for the Alpha Company bonds, was really the owner of the Alpha bonds, and therefore had the right to’sell them and guarantee their payment, and that by the amendment plaintiff abandoned the claim that there was a good consideration for the bank doing this, because it had originally agreed to re-purchase the Friend & Forgy bonds on demand. And as we understand it, this question of the ownership of the Alpha bonds by the bank was the one submitted to the jury.
The verdict having been found in favor of the plaintiff, a motion for a new trial was filed, and this was overruled by the trial judge in an elaborate opinion, a copy of which we have seen. In that opinion he states very clearly and explicitly,that if the right of the plaintiff to recover depended upon the fact that when the exchange of bonds was made, the bank was the owner of the Alpha bonds, that the verdict ought not to stand, for there was no evidence to show this; and we may say, that an examination of the bill of exceptions fully confirms this statement, and the bank having no ownership of the bonds, nor any interest in them so far as the evidence'discloses, its attempted guaranty of the contract between Schaeffer and the Alpha Company, did not in any way bind the bank, for neither it nor its officers had any legal right or authority to do so, and the act of its officers was a nullity.
But while the trial court held that the bank was not the owner of the $3700 Alpha Company bonds received by Schaeffer, and never had been, he desired to grant a new trial upon the ground that the original petition had stated a good consideration, viz., a sale by the bank to Schaeffer of the Friend & Forgy bonds and the agreement of the bank to re-purchase them at par on demand; and that it was sufficiently alleged that this was the consideration of the written guaranty. We are of the opinion that if there had been such a contract on the part of the bank in the *460 sale to Schaeffer of the $3700 Friend & Forgy bonds, that it would have made the bank liable for the performance thereof, And if such re-purchase had been demanded and refused, that plaintiff would have had a good cause of action against the bank for the breach of this contract. But we think it does not follow, that because Schaeffer on taking certain steps might have had a claim against the bank, that such fact would give to the bank legal right to guarantee any contract which Schaeffer might make with reference to said bonds with another person, or of such a contract as was made in this case. But the argument of the court is, that as the petition originally set out the contract of the sale of the $3700 Friend & Forgy bonds by the bank with the agreement to re-purchase them on demand, and that the evidence heard, tended to support this allegation, and that the bank made this guaranty m consideration of its thereby being discharged from its original liability, and that the amendment made no change as to the real cause of action, but only alleged a different way in which the bank was interested in effecting the exchange of the bonds, that this was not a material variance.
As to this who think the amendment made at the trial was material, and changed the ground upon which plaintiff claimed the right to recover. He in effect claims to recover only on the ground that the bank at the exchange owned the Alpha bonds, and thus might properly guarantee their payment, and expressly withdraws the claim that it was to relieve the bank of its former liability. It is evident that the case subsequently proceeded upon thisjitheory, and counsel for the bank might well have foreborne to offer evidence as to the original agreement, or to have had the court charge the jury on these questions, But we[] think it is sufficient to say that the question whether" there [¡was this original liability, was not submitted to the jury or passed on by them, as to whether it was a consideration for the *461 guaranty. The court said the evidence tended to show it, but by the amendment the question was not submitted tó the jury; and if so, their verdict ought not to be considered as passing upon or settling it.
So. far as we can see, as to the bank there was no consideration for this written guaranty. It was not the owner of any of the bonds exchanged, and therefore it was without power to guarantee their payment. Anderson & Boynton might bind themselves to do so, and they did; but the bank, a creature of the statute, occupies a different position and can only make such contracts as are authorized by law. As already stated,the bank might legally have bound itself to re-purchase these bonds. But this is not an action for the breach of any such contract. To make it liable,the request should have been made and the bonds tendered for such purpose. This having been done, in an action brought to recover damages for the breach of said contract, the bank would have been liable.
We are of the opinion,then, that the court erred in refusing to grant a new trial based on the ground that the verdict was against the evidence, and a new trial will be awarded.